UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-74-RJC

| JOSE FERNANDO-AZUA, | ) | |
|---|---|---|
| JOSE MORENO-AZUA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ANNE M. TOMPKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on a Motion to Dismiss for Lack of Jurisdiction by Defendant Anne M. Tompkins, (Doc. No. 11), and on a Motion to Dismiss for Failure to State a Claim by Defendants Ubaldo Rios and Dewayne Spears, (Doc. No. 13).

## I.    BACKGROUND

Pro se Plaintiffs Jose Fernando-Azua and Jose Moreno-Azua filed this action on February 7, 2012, pursuant to 42 U.S.C. § 1983.  In the Complaint, Plaintiffs allege that Homeland Security agents Dewayne Spears and Ubaldo Rios engaged in an unlawful search at the home of a person named Amber Griffin, and that those Defendants, along with Defendant U.S. Attorney Anne Tompkins, violated their rights with respect to the grand jury proceedings that led to their indictment in this Court for conspiracy to possess with intent to distribute cocaine.  (Doc. No. 1 at 3-13).  When Plaintiffs filed their Complaint, federal charges were pending against them in this Court in Criminal Case 3:11-cr-386.  (Criminal Case No. 3:11-cr-386, Doc. No. 19: Indictment).  Defendant Anne Thompkins filed a motion to dismiss on April 9, 2012, and Defendants Rios and Spears filed a motion to dismiss on April 17, 2012.  (Doc. Nos. 11; 13).  On

-1-

April 23, 2012, this Court entered an Order staying this action until completion of the criminal charges. (Doc. No. 16).

On May 20, 2014, Defendants filed a status report indicating that judgments have been entered against Plaintiffs in the underlying criminal action. Indeed, Plaintiffs have both been convicted in this Court of conspiracy to possess with intent to distribute cocaine. Both Plaintiffs were sentenced on January 17, 2014, and judgment was entered on March 20, 2014. (Id., Doc. Nos. 145; 147). On March 27, 2014, this Court entered an order lifting the stay and advising Plaintiffs of their right to respond to Defendants' motions to dismiss. (Doc. No. 22). Plaintiffs have not responded to the motions to dismiss and the time to do so has passed.

## II.  STANDARD OF REVIEW

On a motion to dismiss, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the non-moving party. Coleman v. Maryland Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). To survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. 662 at 678)

## III.  DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as

follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 486-87 (footnotes omitted; emphasis added).

Given the nature of Plaintiffs' factual allegations and alleged injuries, a civil judgment in their favor would necessarily imply that the criminal judgment against them in this Court was invalid. Moreover, Plaintiffs' underlying convictions have not been reversed or otherwise invalidated. Therefore, the Complaint must be dismissed as barred by the principles in <u>Heck v. Humphrey</u>.

In sum, Plaintiff's action is barred by <u>Heck</u>.

## IV.   CONCLUSION

For the reasons stated herein, this action is dismissed without prejudice as barred by <u>Heck</u>.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED** without prejudice, as Plaintiff's claims are barred under <u>Heck</u>. To this extent, Defendants' Motions to Dismiss, (Doc.

Nos. 11; 13), are **GRANTED**.

2. The Clerk is instructed to terminate this case.

Signed: June 10, 2014

Robert J. Conrad, Jr.
United States District Judge